UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NELSON CARRASQUILLO, | ) | CASE NO. 4:13 CV 716 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| WARDEN COAKLEY, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Nelson Carrasquillo, who is incarcerated at the Federal Correction Institution, Elkton, Ohio, filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner seeks a sentence reduction. (ECF No. 1 at 6.) Also before the Court is Petitioner's motion to proceed *informa pauperis*. (ECF No. 2.) For the reasons set forth below, Petitioner's motion to proceed *informa pauperis* is granted, the Petition is denied, and this action is dismissed.

I. BACKGROUND

On September 14, 2006, a grand jury indicted Petitioner in the United States District Court, District of Massachusetts, on a three-count indictment. *See United States v. Carrasquillo*, No. 1:06-cr-10284-WGY-3, ECF No. 37 (D. Mass.) (Young, J.). On November 16, 2006, the indictment was superseded by a four count indictment alleging one count of conspiracy to distribute, and to possess with intent to distribute, cocaine and heroin in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(A)(i) and (ii), and 846 (Count 1), two counts of attempted possession of cocaine with intent to distribute and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 U.S.C. § 2 (Counts 2 and 4), and one count of using or carrying a firearm during and in relation to a drug trafficking crime and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). *Id.* at ECF No. 79. Petitioner entered guilty pleas to Counts 1, 2 and 4 on November 5, 2007, and on March 11, 2008, Judge Young sentenced Petitioner to 18 years incarceration on each count, the sentences to run concurrently. *Id.* at ECF No. 166.

Petitioner appealed from this sentence, arguing that the trial court erred in not granting him a three level reduction for acceptance of responsibility and a three-point "safety valve" reduction.[1] *See United States v. Carrasquillo*, No. 08-1388 (1st Cir. Dec. 18, 2008). Specifically, Petitioner argued the trial court erred in determining he had used a firearm in connection with a

---

[1] Congress enacted the safety valve provision, 18 U.S.C. § 3553(f), in order to limit the harsh effect of mandatory minimum sentences in certain cases. *See United States v. Ortiz-Santiago,* 211 F.3d 146, 150 (1st Cir. 2000). The Sentencing Commission incorporated the text of § 3553(f) verbatim into the Guidelines. *Id.* U.S.S.G. § 5C1.2 provides:

> [T]he court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below:
> (1) the defendant does not have more than 1 criminal history point ...;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense ... and was not engaged in a continuing criminal enterprise ...; and
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

drug trafficking conviction and, therefore, he was entitled to a shorter sentence. On December 18, 2008, the United States Court of Appeals for the First Circuit affirmed. *Id.*

On March 22, 2010, Petitioner, *pro se*, filed a motion to vacate, set, aside, or correct sentence pursuant to 28 U.S.C. § 2255, raising two grounds for relief: (1) counsel was constitutionally ineffective in his failure to act as an advocate during the "safety valve" proffer session; and (2) counsel was ineffective in his failure to review the presentence investigation report ("PSR") with Petitioner in a timely fashion. *See Carrasquillo*, No. 1:06-cr-10284-WGY-3 at ECF No. 234. Judge Young denied the petition *sua sponte* on March 31, 2010, finding "[t]he thorough appeal colloquy amply supported the sentence imposed[,]" and that Petitioner had not demonstrated any prejudice. *Id.* (Electronic Order dated Mar. 31, 2010). Petitioner appealed from the denial of his § 2255 petition, and on September 26, 2011, the First Circuit remanded the matter to the district court, directing the court to "clarify the reasoning behind its *sua sponte* dismissal[.]" *Id.* at ECF No. 247. On October 31, 2011, Judge Young issued a report explaining his reasoning, noting that the petition was denied as frivolous in light of the record before the court. *Id.* at ECF No. 248. On February 9, 2012, the court of appeals granted a motion for summary disposition of the appeal filed by the government and affirmed the trial court's denial of the petition. *Id.* at ECF No. 275.

On April 9, 2012, Petitioner filed another motion to vacate in the trial court, arguing the trial court's computation of his sentence violated his due process rights and that he received ineffective assistance of counsel at sentencing. *Id.* at ECF No. 277. Judge Young construed Petitioner's motion as a second successive § 2255 petition and denied the writ for want of subject matter jurisdiction. *Id.* (Electronic Order dated April 10, 2012).

In the petition before this Court, Petitioner raises a number of theories upon which he attacks the sentence imposed by Judge Young. First, he claims that he is "actually innocent of

3

the current sentence as it fails to include the required U.S.S.G. §5C1.2 ["safety valve"] reduction . . . ." ECF No. 1 at 2. Next, he claims the trial court "lacked jurisdiction to discard the Safety Valve reduction without any facts or law to support said discard[.]" *Id.* Thirdly, he argues the "execution of the current sentence constitutes cruel and unusual punishment because it exceeds the maximum allowable under law[.]" *Id.*

## II. STANDARD OF REVIEW

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms,* No. 02–5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini,* 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970) (citations omitted). Petitioner has not met this burden.

## III. DISCUSSION

"[A] petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). On the other hand, claims asserted by federal prisoners seeking to challenge their convictions or the imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255. *Id.*, *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

In this case, Petitioner seeks to raise issues that have or could have been raised in his previous habeas actions. The Petition herein attacks the sentence imposed by the trial court in nearly the same fashion as Petitioner previously did through his § 2255 petitions. The Petition does

4

not challenge the Warden's execution of the sentence, which usually involves the computation of sentence credits or parole eligibility, but instead challenges the underlying sentence the court imposed.

A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255; *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999); *Capaldi,* 135 F.3d at 1123. Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles,* 180 F.3d at 756. Furthermore, a § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay,* 794 F.2d 722, 726–27 (D.C. Cir.) (per curiam), *cert. denied,* 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998).

To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petitioner stated a facially valid claim for actual innocence. *See Martin v. Perez,* 319 F.3d 799, 804 (6th Cir. 2003). "Actual innocence" means factual innocence, rather than mere legal insufficiency. *Id.* at 804 (quoting *Bousley v. United States,* 523 U.S. 614, 623 (1998)). To establish actual innocence, Petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See id.*

5

(internal quotation marks omitted). Prisoners have satisfied this burden by showing that there has been an intervening change in the law that establishes their actual innocence. *See United States v. Peterman,* 249 F.3d 458, 461–62 (6th Cir. 2001); *Charles,* 180 F.3d at 757.

Petitioner has failed to make a sufficient showing of actual innocence of the crimes for which he was convicted. He does not set forth any evidence suggesting that he did not commit the acts underlying the charges to which he entered guilty pleas or that he was convicted for conduct not prohibited by law. Rather, it is clear from his petition that Petitioner is alleging legal errors in the calculation of his sentence rather than actual innocence. *See e.g. Polydor v. Sniezik*, 4:05 CV 0641, 2005 WL 1244819 (N.D. Ohio May 25, 2005) ("Whether or not [Petitioner's] sentence enhancement for possessing an additional 32 kilograms is valid . . . is a question of legal sufficiency, not factual innocence.").

Inasmuch as Petitioner is challenging the application of the guidelines, he must direct his request for relief to the individual who has authority to decide what appropriate offense level should be used in determining his sentence. Here, Judge Young imposed a sentence of 18 years. Petitioner, however, has failed to provide any authority to support his claim that the Warden has the authority to set aside that sentence based on the Warden's interpretation of the guidelines. The Petition sets forth no reasonable suggestion of a proper basis on which to instead raise these issues pursuant § 2241, or that "serious constitutional questions" require further consideration of his claims.

## IV. CONCLUSION

For all the foregoing reasons, Petitioner's motion to proceed *in forma pauperis* (ECF No. 2) is granted, the Petition (ECF No. 1) is denied and this action is dismissed pursuant to 28

U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

SO ORDERED.

s/Jeffrey J. Helmick<br>UNITED STATES DISTRICT JUDGE